SECOND NATIONAL BANK OF HOBOKEN, Plaintiff, Respondent, *v.* Louis A. Tachner, Defendant, Appellant.

Supreme Court, Appellate Term, First Department, March, 1924.

Bills and notes — action on note given plaintiff following composition with defendant's creditors — note given without consideration.

A promissory note, given by the defendant for an old debt in reliance on a moral obligation of the plaintiff to finance defendant's corporation, is without consideration, where it appears that a partnership of which defendant was a member prior to giving the note had made a common-law composition with its creditors, including the plaintiff, which entirely destroyed the old debt.

APPEAL by defendant from a judgment of the City Court of the city of New York, entered upon a verdict directed for plaintiff.

*Samuel Sturtz*, for appellant.

*Rabe & Keller* (*Samuel A. Davis* and *Adolph C. Kiendl*, of counsel), for respondent.

*Per Curiam.* Defendant was a member of a partnership, which made a common-law composition with its creditors, including plaintiff. Thereafter defendant formed a corporation. Plaintiff requested that the corporation deposit with it and its representative stated: " We will finance your corporation, we will give you accommodation providing you give me twelve hundred and forty-eight dollars and some odd cents which we think we are entitled to get from you more than what other creditors got from your settlement." Defendant then gave a note for the $1,248, upon which he subsequently made a payment of $50 and gave the note in suit in renewal of the balance. The defense is lack of consideration. Both parties moved for the direction of a verdict and the court directed for plaintiff.

The common-law composition entirely destroyed the debt and

there is no revival of the old debt to constitute consideration for this note. The vague promise to defendant by plaintiff's representative to " finance your corporation " and to " give you accommodation " was not an enforcible promise sufficient to constitute legal consideration. This is abundantly demonstrated in fact by what happened. Defendant's corporation made a deposit of $10,000. . Plaintiff subsequently made the corporation a loan of $1,000, which was repaid in ten days, another loan of $2,000, which was repaid within three or four weeks, and then refused to make any further loans. Essentially the whole transaction was merely the giving of the note by defendant without consideration in reliance on a moral obligation of the bank to finance the corporation and substantially a device by which the bank sought to secure an advantage over the other creditors of defendant's firm.

Judgment reversed, with costs, and complaint dismissed, with costs.

All concur; present, GUY, BURR and PROSKAUER, JJ.

Judgment reversed.